UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Yoangel Javerqui Fleites Gomez,

*Petitioner*,

v.

Devery Mooneyham, *Warden of the Limestone County Detention Center*, et al.,

*Respondents*.

No. 6:26-cv-291-CRW-DNM

**ORDER DISMISSING SECOND HABEAS PETITION**

Before the Court is petitioner Yoangel Javerqui Fleites Gomez's amended petition for writ of habeas corpus (Dkt. No. 1), filed on May 7, 2026. Fleites Gomez has been detained continuously since October 15, 2025. Dkt. No. 1 ¶ 11. He first brought a habeas petition in the Southern District of Texas while detained in the Joe Corley Processing Center. *Id.* ¶¶ 20–21. That petition was denied on April 19, 2026. *Id.* ¶ 21. Fleites Gomez is now held at the Limestone County Detention Center. *Id.* ¶ 23. This petition must be **DISMISSED WITH PREJUDICE** as an abuse of the writ.

A habeas petition should be dismissed as an abuse of the writ if a petitioner "rais[es] a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). It is also an abuse of the writ for a detainee to raise the same claim a second time. *Id.* "A district court's decision to dismiss a second or subsequent federal habeas petition for abuse of the

writ lies within its sound discretion." *James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995). A petitioner's second habeas petition "must be dismissed as an abuse of the writ unless the petitioner demonstrates that there was cause not to have raised the points in a previous federal habeas corpus petition and prejudice if the court fails to consider the new point. *Id.* (internal quotations omitted).

Fleites Gomez's first petition, brought in the Southern District of Texas, challenged "his detention under the Due Process Clause, the APA, and applicability of 8 U.S.C. §§ 1225 and 1226." Dkt. No. 1 ¶ 21. The Southern District denied the petition. *Fleites Gomez v. Noem*, No. 4:26-cv-561 (S.D. Tex. Apr. 13, 2026) (attached as Dkt. No. 1-4). Fleites Gomez claims that his petition before this Court does not repeat his prior petition. Dkt. No. 1 ¶¶ 21, 31. Here, he challenges his detention on substantive-due-process grounds, alleging that his detention has become indefinite. *Id.* ¶¶ 28–38 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Fleites Gomez could have brought this substantive-due-process challenge in his first petition before the Southern District. He fails to explain why he failed to do so.

Moreover, he challenged his detention in the Southern District on due-process grounds. Dkt. No. 1 ¶ 21. There, Judge Lake held that Fleites Gomez's detention "does not violate substantive or procedural due process." *Fleites Gomez*, No. 4:26-cv-561 at 2. So this petition raises the same claim a second time. Thus, Fleites Gomez's habeas petition should be dismissed as an abuse of the writ.

**IT IS HEREBY ORDERED** that Petitioner Fleites Gomez's habeas petition (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**.

Signed on November 24, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE